UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) GREGG A. BIGDA and<br>(2) STEVEN M. VIGNEAULT<br><br>Defendants | Criminal No. 18-CR-30051-MGM<br><br>Violation(s):<br><br><u>Counts One through Four</u>: Deprivation of Rights Under Color of Law<br>(18 U.S.C. § 242)<br><br><u>Count Five</u>: False Report<br>(18 U.S.C. § 1519) |

## INDICTMENT

### COUNT ONE
Deprivation of Rights Under Color of Law (Excessive Force)
(18 U.S.C. § 242)

The Grand Jury charges that:

On or about February 27, 2016, in Hampden County, in the District of Massachusetts, the defendant,

(1) GREGG A. BIGDA,

while acting under color of law, willfully deprived juvenile arrestee E.P. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer. The offense resulted in bodily injury to E.P. and involved the use of a dangerous weapon.

All in violation of Title 18, United States Code, Section 242.

1

COUNT TWO
Deprivation of Rights Under Color of Law (Excessive Force)
(18 U.S.C. § 242)

The Grand Jury further charges that:

On or about February 27, 2016, in Hampden County, in the District of Massachusetts, the defendant,

(2) STEVEN M. VIGNEAULT,

while acting under color of law, willfully deprived juvenile arrestee D.R. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer. The offense resulted in bodily injury to D.R. and involved the use of a dangerous weapon.

All in violation of Title 18, United States Code, Section 242.

## COUNT THREE
### Deprivation of Rights Under Color of Law (Abusive Interrogation)
### (18 U.S.C. § 242)

The Grand Jury further charges that:

On or about February 27, 2016, in Hampden County, in the District of Massachusetts, the defendant,

(1) GREGG A. BIGDA,

while acting under color of law, willfully deprived juvenile arrestee D.R. of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from police interrogation so abusive that it shocks the conscience. Specifically, within hours of the assaults on E.P. and D.R. charged in Counts One and Two, Defendant BIGDA interrogated juvenile arrestee D.R. outside the presence of his parents and without reading him Miranda warnings. During that interrogation, Defendant BIGDA threatened to, among other things, "crush [D.R.'s] skull and fucking get away with it"; "fucking bring the dog back [and] let him fucking go after" D.R.; "fucking kill [D.R.] in the parking lot"; "charge [D.R.] with killing Kennedy and fucking make it stick"; "stick a fucking kilo of coke in [D.R.'s] pocket and put [him] away for fucking 15 years"; and "kick [D.R.] right in the fucking face as soon as [they] cross the Springfield line." The offense involved the threatened use of a dangerous weapon.

All in violation of Title 18, United States Code, Section 242.

<u>COUNT FOUR</u>
Deprivation of Rights Under Color of Law (Abusive Interrogation)
(18 U.S.C. § 242)

The Grand Jury further charges that:

On or about February 27, 2016, in Hampden County, in the District of Massachusetts, the defendant,

(1) GREGG A. BIGDA,

while acting under color of law, willfully deprived juvenile arrestee J.T. of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from police interrogation so abusive that it shocks the conscience. Specifically, within hours of the assaults on E.P. and D.R. charged in Counts One and Two, Defendant BIGDA interrogated juvenile arrestee J.T. outside the presence of his parents and without reading him <u>Miranda</u> warnings. During that interrogation, Defendant BIGDA threatened to, among other things, "beat the fuck out of [J.T.] when [they] get back to Springfield"; "tune [J.T.] the fuck up"; and "bloody [J.T.'s] body." At several points during the interrogation, Defendant BIGDA pointed to blood on his boot and told J.T. that if he lied to Defendant BIGDA, J.T.'s blood would be on his boot next.

All in violation of Title 18, United States Code, Section 242.

4

<u>COUNT FIVE</u>
False Report
(18 U.S.C. § 1519)

The Grand Jury further charges that:

On or about May 24, 2016, and on or about January 18, 2017, in Hampden County, in the District of Massachusetts, the defendant,

(1) GREGG A. BIGDA,

acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified, covered up, and made false entries in records and documents with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant BIGDA wrote and filed two reports with the Internal Investigations Unit of the Springfield Police Department documenting the arrest of juvenile suspects E.P., D.R., and J.T. on February 27, 2016. The first report, dated May 24, 2016, stated, in pertinent part: "At no time did I see any Officer kick anyone nor did I kick anyone during any point of these arrests." The second report, dated January 18, 2017, stated, in pertinent part: "In regards to Mr. Vigneault's claim that I spit [sic] on an [sic] subject and yelled 'welcome to the white man's world,' this is also not true. I did not nor did I see anyone spit on anyone nor did I make or here [sic] any such comments." Those reports were false, as Defendant BIGDA then well knew, because during the course of the arrest, Defendant BIGDA kicked juvenile suspect E.P. in the head, spat on him, and said, "welcome to the white man's world."

All in violation of Title 18, United States Code, Section 1519.

A TRUE BILL

_[signature]_
FOREPERSON

_[signature]_
DEEPIKA BAINS SHUKLA
KATHARINE WAGNER
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

_[signature]_
CHRISTOPHER J. PERRAS
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

District of Massachusetts: October 25, 2018 @ 12:14 p.m.
Returned into the District Court by the Grand Jurors and filed.

_[signature]_
DEPUTY CLERK