UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-cr-30051-MGM |
| | ) | |
| (1) GREGG A. BIGDA and | ) | |
| (2) STEVEN M. VIGNEAULT, | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
AS TO DEFENDANT STEVEN M. VIGNEAULT**

The United States of America, by Andrew E. Lelling, United States Attorney, hereby moves for the entry of the attached protective order. On December 10, 2018, the Court ordered the proposed protective order as stipulated by the government and defendant Gregg A. Bigda ("Bigda") (Doc. No. 29). Because the protective order is narrowly tailored and places no restrictions on the defendants' access to discovery materials, and because good cause exists to restrict public disclosure of sensitive information and dissemination of discovery materials to unauthorized third-parties, the government respectfully requests that the Court order the attached proposed protective order as to defendant Steven M. Vigneault ("Vigneault"), which is identical to the protective order granted by the Court with respect to defendant Bigda. The parties have conferred regarding the proposed protective order, and defendant Vigneault opposes it.

The government's proposed protective order seeks to: (1) bar counsel from disclosing discovery materials to non-authorized third parties; and (2) require the parties to protect sensitive discovery materials and information, including personally identifiable information ("PII"), information related to juvenile victims and civilian witnesses, phone and text message communications of witnesses, personnel files, grand jury materials, medical records, and records

1

related to the Massachusetts Civil Service Exam.  The proposed protective order places no restrictions on the defendant's and his defense team's access to or possession of any discovery materials.

Federal Rule of Criminal Procedure 16(d)(1) allows for a district court to enter a protective order like the proposed by the government "for good cause."  *United States v. Bulger*, 283 F.R.D. 46 (D. Mass. 2012).  Good cause must be based on a factual demonstration of potential harm. *Anderson v. Cryovac*, 805 F.2d 1, 7 (1st Cir. 1986).  There is no presumption of public access to discovery materials.  The United States Supreme Court has stated that discovery is "a matter of legislative grace" and not "a traditionally public source of information," and that control over the process "does not raise the same specter of government censorship that such control might suggest in other situations." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-33 (1984); *see also Anderson*, 805 F.2d at 6 ("*Seattle Times* has foreclosed any claim of an absolute public right of access to discovery materials.").   Therefore, "judicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context." *Id.* at 34.

The government respectfully submits that good cause supports the entry of a protective order in this case for several reasons.  First, the provisions of the proposed protective order barring counsel from leaking discovery materials to non-authorized third parties protects each defendant's Sixth Amendment right to a fair trial untainted by prejudicial pretrial publicity.  That concern is not speculative or hypothetical in this case; media outlets, most prominently the Springfield Republican, have written several dozens of articles covering this case, many of which include case

evidence.

The First Circuit has upheld a protective order restricting the dissemination of discovery materials to third parties for the same reasons present in the instant case.  In *Anderson*, the First Circuit found that good cause for a protective order was present where "the district court was concerned that the extensive publicity generated by the allegations made against the defendants, particularly the accounts appearing in the daily newspapers, would inhibit and perhaps prevent the selection of an impartial jury."  *Anderson*, 805 F.2d at 8.  Similarly, the First Circuit has sustained a district court's order prohibiting disclosure of deposition contents to the press or public, finding that "the massive amount of publicity" and "the emotionally-charged nature of the trial" were reasonably likely to cause "material harm to the defendants' right to a fair trial." *In re San Juan Star Co.*, 662 F.2d 108, 117 (1st Cir.1981).

There is a real danger that one defense attorney's dissemination of discovery materials favorable to his client and unfavorable to his co-defendant will contaminate the jury pool and prejudice the co-defendant's right to a fair trial.  Furthermore, the government has information that counsel for defendant Vigneault has sent via e-mail grand jury materials produced in this case to counsel in a civil matter, apparently with the motive of having the materials published on masslive.com ("Masslive").  *See* Exhibit 1, filed under seal.  Masslive published an article regarding the dissemination of the grand jury material on December 19, 2018, and as of the time of this filing just two days later, the article has received 52 comments.  *See* Glaun, Dan, "Questions raised about 5 Springfield narcotics officers could jeopardize drug prosecutions," available at https://www.masslive.com/news/2018/12/questions-raised-about-5-springfield-narcotics-officers-could-jeopardize-drug-prosecutions.html, last visited Dec. 21, 2018. This case should be

tried in a court of law, where the parties are afforded protections of the Federal Rules of Evidence and a fair and impartial jury, and not in the court of public opinion.

Second, the proposed protective order seeks to protect certain sensitive information.  The provisions requiring counsel to redact certain sensitive information or include it in a pleading filed under seal furthers a number of important interests.  It is widely understood that personal identifying information of civilian witnesses and victims, especially juvenile victims, should be shielded from public view. Additionally, discovery will include private medical and psychiatric records of several individuals, including the juvenile victims and the defendants, which the Court should afford special protection.  *See Bulger*, 283 F.R.D. at 55; *United States v. Robinson*, Cr. No. 08-10309, 2009 WL 137319, at *3 (D. Mass. Jan. 20, 2009) (recognizing importance of privacy interests of victims).  Discovery will also include Massachusetts Civil Service Exam questions and answers, which, the government has been informed, took a considerable amount of time and money to produce. If those questions and answers were distributed to non-authorized third-parties or published in public pleadings, the Massachusetts state government would be forced to write and pay for a new exam.

The Court should also protect private text messages of witnesses who did not choose to become involved in this case but nevertheless complied with FBI requests for their text message records.  *See Bulger*, 283 F.R.D. at 55; *United States v. Salemme*, 985 F. Supp. 193, 197 (D. Mass. 1997) ("privacy interests of third parties may weigh heavily in deciding issues of impoundment"); *United States v. Carriles*, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2009) (government may advocate for privacy interest of nonparties in seeking protective order).

The protective order also seeks to protect certain grand jury materials. Several witnesses

who testified before the grand jury have expressed concerns that they will be retaliated against, professionally or personally, if their grand jury testimony becomes public well in advance of trial. Their concerns are not hypothetical; several government witnesses have informed the government that they have already been harassed by law enforcement officers in connection with their testimony. On the date of arraignment, as a show of good faith, the government provided counsel for each defendant with initial discovery including grand jury material so that defense counsel could begin preparing their defenses, with the understanding that the parties would at some later point come to agreement on a protective order.  The government and defendant Bigda agreed upon and the Court ordered a protective order on December 10, 2018 (Doc. No. 29), and the government has produced further documents to defendant Bigda pursuant to the protective order.

Counsel for defendant Vigneault has not agreed to the entry of any protective order, and has represented via e-mail that he had already "disseminated" portions of the initial discovery packet to third parties.  As a result of Vigneault's counsel's dissemination of discovery materials, the Springfield Police Department has disciplined an officer who cooperated with the government's investigation and provided inculpatory evidence against defendant Vigneault. Counsel for Defendant Vigneault has further represented to the government that his client has been "vilified" in the media, and that he has an obligation to defend his client, implying that his ultimate purpose for dissemination was to release to the media damaging information about witnesses who may testify against his client.  The government is concerned that the actions of counsel for Defendant Vigneault will have the tendency to chill the cooperation of government witnesses and deter potential government witnesses from providing truthful testimony.

Finally, the government seeks a protective order in order to facilitate the flow of discovery.

Discovery in this case is voluminous, and the government could produce discovery more easily if it could rely on a protective order. *See Public Citizen v. Liggett Group*, Inc. 858 F. 2d 775, 788 (1st Cir. 1988) ("blanket protective orders may be useful in expediting the flow of discovery").

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion and enter the attached protective order.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By:    */s/ Deepika Bains Shukla*
Deepika Bains Shukla
Assistant U.S. Attorney
NY4584009; CT434931
300 State Street, Suite 230
Springfield, MA 01105
413-785-0237
deepika.shukla@usdoj.gov

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL

By:    */s/ Christopher J. Perras*
Christopher J. Perras
Trial Attorney
Department of Justice
MA682002
601 D St., NW
Washington D.C. 20004
202-353-5939
christopher.perras@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

December 21, 2018

I hereby certify that this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

*/s/ Deepika Bains Shukla*
Deepika Bains Shukla
Assistant U.S. Attorney