LAW OFFICES

# ALLYN & BALL, P.C.

**480 HAMPDEN STREET**
**HOLYOKE, MASSACHUSETTS 01040**

413 / 538-7118

FACSIMILE 413 / 538-6199

Shawn P. Allyn*
Lisa A. Ball*

*ALSO ADMITTED IN PENNSYLVANIA

January 9, 2019

Deepika Bains Shukla
Unites States Attorney
United States Courthouse
300 State Street, Suite 230
Springfield, Massachusetts 01105

Re:   United States v. Steven M. Vigneault
      Crim. No. 18-CR-30051-MGM

Dear Attorney Shukla:

Please consider this a request for discovery pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

In response to my last request, the government responded with a "water bottle" response letter. To avoid any further miscommunications, the defendant was not seeking trivial communications between counsel as reflective in the government's response. The Defendant is seeking the following:

A.   All statements made to Deepika Shulka, USAA and Christopher Perras, USAA when they met with him without counsel being present.

B.   All statements made to Deepika Shukla, USAA and Christopher Perras, USAA when they met with him to prepare him for Grand Jury Presentment without counsel being present.

C.   My client is requesting that these statements be reduced to writing.

Page 2 of 4
Re:  Discovery

It is my understating that meetings on March 1, 2017, March 27, 2017 and March 14, 2018 with FBI Agents and their notes have been provided.  However, the USSAs referenced above obtain information from Mr. Vigneault and prepared him to testify, via conversations, before the Grand Jury.  These conversation are not reflected in the grand Jury Minutes.

I am sure you can appreciate the fact that due process requires that such statements be provided to the defendant in order to effectively prepare his defense.

Pursuant to ECF Document Number 39, the Government provided, via letter, data that would exculpate and negate any guilt of Steven Vigneault as follows:

A. D.R. (alleged victim) identified Luke Cournoyer and Gregory Bigda as his alleged kickers as the two individuals that interrogated him as depicted on video.  On this video, they, in fact, threaten him with bodily injury, among other criminal acts.

B. D.R. (alleged victim) then undertook another identification process and indicated that it was the officers that transported him as his kickers, Luke Cournoyer and Steven Vigneault.

In light of the fact that D.R., the alleged victim, has identified Luke Cournoyer, not once but **twice** as one of the Springfield Narcotics that kicked him and Luke Cournoyer's newly immunized testimony[1] (factual arguments omitted herein) from June of 2018, we are requesting as follows:

A. All promises, rewards and inducements for his testimony;

B. Extent of his immunization for the limited testimony the Government elicited from him during his second Grand Jury Presentment[2] for that testimony;

C. Whether Luke Cournoyer has been given immunization for having been identified twice by D.R., the alleged victim, as his kicker.

D. Whether Luke Cournoyer has been given immunization for filing alleged false police reports surrounding the "kicking" incident.

---

[1] Factual basis is intentional not being referenced until the subject Protective order is ruled upon.
[2] First time he allegedly asserted his Fifth Amendment Right of Self Incrimination and refused to testify.

This data is also needed to assess whether Cournoyer has any legitimate attempt at trial to go back in time and try again to assert his Fifth Amendment Right of Self-Incrimination. As you know, via civil deposition transcripts, that after he was immunized, he then asserted his Fifth Amendment on the same topics. This is of concern as he freely waived his Fifth Amendment (prior to immunization) when he was interviewed with counsel by an FBI Field Agent and prior to the civil deposition.

As to other immunized witnesses[3], we are also requesting similar rewards, promises and Inducements relative to their acquired testimony after they originally asserted their respective Fifth Amendment Rights to Self-Incrimination.

### Staged Courthouse Arrest of Vigneault

Mr. Vigneault further request full reports of the investigation undertaking by the U.S.O.A. and its agents relative to the staged courthouse arrest coordinated by then Lt. Steven Kent in cooperation with Gethins with a courthouse employee[4] when it was revealed by the employee that Vigneault was in the United Stated Attorney's Office and present at the court house. There would have been no reason for the employee to randomly be calling Springfield Narcotics Officers to report to them who entered the Federal Court House and went into the United States Attorney's Office. This discovery topic very well may not be deemed "mandatory discovery," however, it is relevant data and all within the control, custody and possession of the Government.

The government has suited this case in the very forum which was also used by the government's witness to retaliate against Mr. Vigneault for blowing the whistle on their illegal conduct in the narcotic's unit. From my client's point of view, any such data is exculpatory, aides his defense and serve to bring out the motives and bias of the government's newly immunized witnesses.

To add to this, the Government's Grand Jury Presentment included parts of the stage arrest to the Grand Jury. The arrest shows the audacity of the subject witnesses and their utter contempt for the judicial process.

The Government now intends on offering such witnesses against Mr. Vigneault and he has a right to discovery and challenge the subject information. The data will also serve to further undermine the witnesses' credibility and veracity for telling the truth in light of police
Page 4 of 4

---

[3] Intentionally not identified. See FN. No. 1.
[4] Intentionally not identified.

Re:   Discovery

reports they filed as a result of the Police Commissioner's internal investigations and their immunized testimony.

      To date, we do not have the above requested data.   This discovery is needed to continue to prepare my client's defense and to have a better time line to provide the court at the upcoming conference relative to this case within the next few weeks.

      I trust this will clarify the exact data my client is seeking to be disclosed.

      Thank you.

      Sincerely,

      Shawn P. Allyn