UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 18-cr-30051-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| (1) GREG A. BIGDA and | ) | |
| (2) STEVEN M. VIGNEAULT, | ) | |
| Defendants. | ) | |

**DEFENDANT VIGNEAULT'S MOTION TO COMPEL DISCLOSURE OF THE DISCOVERY THE GOVERNMENT HAS STATED IS WITHIN ITS CONTROL, CUSTODY AND POSSESSION**

Defendant Vigneault moves that the government be compelled to disclose the discovery it has informed Defendant Vigneault it has within its control, custody and possession.

On May 23, 2019, a Joint Discovery letter was sent to the United States of America. On or about June 6, 2019, the government responded, in part to the letter as follows:

> Request 12(c): The government has already provided information and materials regarding the arrest of Defendant Vigneault by the Springfield Police Department on March 1, 2017, including reports of interviews and grand jury transcripts. The government has additional materials on that topic that are part of an ongoing investigation. The government has determined that such materials do not contain exculpatory or impeachment evidence, statements of anticipated trial witnesses, or discoverable information under Rule 16 or Local Rule 116; however, the government nevertheless would be willing to provide those materials to defense counsel if the parties can agree upon a reasonable protective order governing their dissemination that would protect the integrity of the ongoing investigation.
>
> See E.C.F. Document Number 70, p. 3.

The government contends that the materials do not contain exculpatory or impeachable evidence for which the Defendant disagrees based upon the topics requested and the conduct engaged in by the government witnesses during the impendency of the government's alleged investigation including but not limited to the witnesses' conspiracy to compare falsified police

reports before turning them into the Commissioner's office relative to the consumption of intoxicating liquors in the narcotics units after it was reported by Steven Vigneault to the Springfield Police Department's commanding officers, the witnesses staging of an arrest at the Federal Court house after knowing that Steven Vigneault was in the United States of Americas Justice Department's office cooperating and providing information relative to the alcohol consumption, creation of search warrant affidavits and conduct during drug raids, among other issues. The Defendant maintains that such motives and bias of these witnesses is classic impeachment evidence at trial in light of the testimony being offered by these witnesses[1] at trial.

The government's offer for the Defendant to agree to a reasonable protective order serves to delay disclosure of the documents and investigation as the court has issued a blanket protective order for every document produced in this case. Since every document is under protection and subject to being filed under seal, reaching a separate and distinct agreement from this Court's order would seem to circumvent the order.

Since this is the government's offered reasoning for delaying disclosure of the discovery, the Court should order it be disclosed pursuant to the Protective Order issued by the Court.

WHEREFORE, the defendant prays that this motion be allowed.

---

[1] The person with the most to lose and gain in this case was Luke Cournoyer given his depicted conduct on the interrogation video when he acted in concert with Defendant Bigda in engaging in the civil rights violations as described by the government in this case as it relates to their abusive interrogation. Thus, the cover up and retaliation he and others engaged in against Steven Vigneault is relevant impeachment discovery in light of the fact that for months he engaged in this conduct against Steven Vigneault and then claimed on the eve of indictment that he lied to protect Steve Vigneault over himself and Bigda. Luke Cournoyer would have said anything not to be indicted for the conduct on the video and to save his own job. In this case, the witnesses' actions for 18 months pre-indictment speak louder than words and the materials being withheld by the government are relevant to this case.

>                              FOR THE DEFENDANT
>                              STEVEN M. VIGNEAULT
>                              BY HIS ATTORNEY,
>
>                              /s/ Shawn P. Allyn
>                              Shawn P. Allyn
>                              Allyn & Ball, P.C.
>                              480 Hampden Street
>                              Holyoke, MA 01040
>                              BBO#643237
>                              Tel: 413 538-7118
>                              Fax: 413 538-6199

Certification as to Conferencing:

    I, Shawn P. Allyn, certify that I have conferenced the Protective Order matter with the government on multiple occasions and such matters have been argued before the court and the Court has issued an order relative to the disclosure of discovery and the protective order.

>                              /s/ Shawn P. Allyn
>                              _____

### CERTIFICATE OF SERVICE

    I, hereby certify that the foregoing Motion has been filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on June 18, 2019.

>                              /s/ Shawn P. Allyn
>                              Shawn P. Ally