UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal Action No. 18-30051-MGM |
| STEVEN M. VIGNEAULT, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING
MOTION TO CHANGE VENUE
(Dkt. No. 95)

November 5, 2019

MASTROIANNI, U.S.D.J.

    Steven Vigneault, one of two co-defendants in this case, has moved for a change of venue away from Springfield and Hampden County, Massachusetts, without indicating where the case should be moved.[1] He asserts he cannot receive a fair trial in Springfield because pretrial publicity regarding this case and investigations into civil rights violations at the Springfield Police narcotics unit has permeated the local community. Separately, Vigneault asserts that he should not be tried in the federal courthouse in Springfield because he was subjected to a retaliatory arrest while in the building, following a meeting at offices of the United States Attorney. The government opposes the motion, arguing that Vigneault has not met his burden to demonstrate that either mandatory or permissive transfer is warranted. Vigneault's co-defendant has neither joined nor opposed the motion to change venue.

    Generally, the government is required to "prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. "This firm requirement, however, may be flexed

---

[1] Defendant Vigneault has also moved to sever; the court will address that motion separately.

where a defendant's request for transfer proves warranted due to either of two factors set forth in Fed. R. Crim. P. 21: (1) the court determines that a defendant cannot receive a fair and impartial trial in the original district due to excessive prejudice, Fed. R. Crim. P. 21(a), or (2) the convenience of the parties, witnesses, victims, and the interest of justice so dictates, Fed. R. Crim. P. 21(b)." *United States v. Quiles-Olivo*, 684 F.3d 177, 181 (1st Cir. 2012). Where excessive prejudice will prevent a fair and impartial trial, "the court must transfer the proceeding." Fed. R. Civ. P. 21(a). On the other hand, the decision to transfer for the "convenience of the parties, any victim, and the witnesses, and in the interest of justice" is left to the court's discretion. Fed. R. Civ. P. 21(b).

The court first considers whether Vigneault has demonstrated that his case must be transferred because he cannot obtain a fair and impartial trial in Springfield. Citing the results of various internet searches, Vigneault argues this material demonstrates significant local prejudice against the Springfield Police Department and wide dissemination of information related to the events underlying the charges against him and his co-defendant. The court does not doubt that an individual using the internet to seek information about this case, the officers involved, or the Springfield Police Department more generally would get thousands of results. However, the volume of search results is not evidence that local media coverage has been so pervasive that this court would be unable to seat a jury without including jurors who have already formed opinions about this case based on the media coverage. The same is true of comments made by individuals and appended to media coverage or posted in social media forums. Additionally, a significant amount of time, likely more than four years, will have passed between the events giving rise to this case and any trial. *See In re Tsarnaev*, 780 F.3d 14, 22 (1st Cir. 2015) (finding two years between underlying incident and trial was sufficient for "the decibel level of publicity about the crimes themselves to drop and community passions to diminish"). This court also draws jurors from all four counties of western Massachusetts and many of these individuals will feel no more personal connection to events involving Springfield

2

police officers than potential jurors in other areas of Massachusetts or in nearby states. *See Skilling v. United States*, 561 U.S. 358, 379-81 (2010) (discussing how size and characteristics of a community impact the likelihood of prejudice in the jury pool). Additionally, while there has been significant coverage in local media of incidents involving Vigneault, his co-defendant, and the Springfield Police Department narcotics unit, "[p]rominence does not necessarily produce prejudice, and juror *impartiality*, . . . does not require *ignorance*." *Id.* at 381 (emphasis in original). To the extent there are individuals in the jury pool aware of this case due to media coverage, Vigneault, through counsel, will have the opportunity to conduct a detailed voir dire and seek for-cause dismissals of any biased individual. Additionally, the court will send a questionnaire to potential jurors before they report for service in order to ensure a sufficient number of qualified jurors are brought in for jury selection. If the responses to the questionnaire or other circumstances arise during jury selection that indicate widespread jury bias, any party, or the court, may revive the question of venue transfer. At this time, however, this does not appear to be the type of extreme case that warrants a presumption of prejudice and mandatory transfer of venue. *Id.*

The court next considers whether Vigneault has demonstrated that discretionary transfer is appropriate here. He asserts that transferring this case away from Springfield will cause minimal inconvenience to the parties. However, a discretionary transfer to a different district pursuant to Fed. R. Civ. P. 21(b) requires more than convenience for the parties. The transfer must also be convenient for victims and witnesses and "in the interest of justice." Fed. R. Civ. P. 21(b). Vigneault has asserted only that transfer will not be overly inconvenient for the parties. Given the location of the underlying incident, a transfer is likely to make it harder for victims and at least some witnesses to participate in the trial.

Vigneault also argues due process requires transfer because the federal courthouse has become an unfair venue, or has the appearance of being an unfair venue, in which to try Vigneault.

3

Members of the Springfield Police Department arrested Vigneault at the federal courthouse, in connection with charges not directly related to this case, as he was leaving a meeting with the U.S. Attorney's office regarding this case and his possible cooperation. Vigneault asserts the arrest was retaliation for his decision to cooperate and the federal courthouse is tainted by that improper purpose. In support, he cites a case from the Eastern District of New York in which the court found the "interests of justice" were served by a transferring a case to the nearby Southern District to avoid an appearance of injustice that might arise because the victim was an "[a] member of the Eastern District family." *United States v. Wright*, 603 F. Supp. 2d 506, 508 (E.D.N.Y. 2009). Here, the facts are quite different. The charge against Vigneault is unrelated to anyone working at the Springfield federal courthouse or events that took place at the courthouse. The court also played no role in the decision of the Springfield Police Department to arrest Vigneault at the courthouse. On these facts, venue transfer is not necessary to serve the "interests of justice."

Finally, the court notes that the transfer requested by Vigneault, away from the federal courthouse in Springfield, does not require the case to be transferred outside of this judicial district. Massachusetts comprises a single judicial district administered as three divisions, with cases arising in one division generally resolved in that division. *See* Local Rule 40.1. Criminal cases may be transferred between divisions for good cause shown, a more flexible standard than the standards set forth in Fed. R. Civ. P. 21. *See e.g. McKeague v. One World Technologies, Inc.*, Civ. Action No. 14-14438-NMG, 205 WL 12967853 (D. Mass. July 21, 2015) (finding good cause to transfer case to western division, where western division was more convenient for Plaintiff and potential witnesses and there was no showing Defendant's witnesses would be "significantly inconvenienced" by the transfer). Even applying this lower standard, the court finds an insufficient basis to transfer this case. The court is confident a fair jury can be empaneled in Springfield and a venue change would be inconvenient for many, including those impacted by the underlying events.

For the foregoing reasons, the court DENIES Defendant Stephen Vigneault's Motion for Change of Venue (Dkt. No. 95).

It is so Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge