

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*   *United States Courthouse*
*300 State Street*
*Suite 230*
*Springfield, Massachusetts 01105*

December 10, 2019

BY OVERNGHT MAIL
FILED VIA ECF WITHOUT ENCLOSURES

Shawn Allyn, Esq.
Allyn & Ball
480 Hampden Street
Holyoke, MA 01040
sallyn@allynandball.com

        Re:    <u>United States v. Gregg A. Bigda and Steven M. Vigneault</u>
                Crim. No. 18-CR-30051-MGM

Dear Counsel:

      This letter responds to your discovery letter dated November 27, 2019.

      The United States agrees that if federal authorities had ordered the Springfield Police Department ("SPD") to reward or refrain from punishing one of its officers because of that officer's status as a potential witness in the above-captioned federal prosecution, any documentation of such communications would be discoverable. That has not happened, and will not happen, in this case, though we understand how you could be left with that misimpression after your civil deposition of SPD Commissioner Cheryl Claprood.

      After receiving your discovery letter, agents from the Federal Bureau of Investigation ("FBI") interviewed SPD Captain Phil Tarpey to identify the source of the misunderstanding. Enclosed is a written report of that interview, labeled with Bates number US014230, which contains the following relevant excerpt:

> TARPEY specifically stated that he was "absolutely not" instructed by the FBI nor by the United States Attorneys' Office to keep COURNOYER employed at SPD because COURNOYER was a federal witness. TARPEY acknowledged that as both a general matter and in specific regard to COURNOYER, the FBI does not interfere with how police departments manage their employment or disciplinary matters, regardless of an officer's involvement as a witness in a federal criminal

investigation.

When asked to explain Commissioner Claprood's testimony, Captain Tarpey guessed "that CLAPROOD might have 'mixed up words' with respect to COURNOYER's employment status and SPD's misconduct investigation of COURNOYER." This telephonic interview with Captain Tarpey, which occurred on December 9, 2019, was the FBI's only meeting with Captain Tarpey relevant to this case.

With respect to your request for a copy of every payment or payroll check issued by SPD and made payable to Officer Luke Cournoyer since the date of his immunity order, the United States does not have any such materials, as SPD is not part of the federal prosecution team in this matter, and the United States does not have the ability to obtain those records without a trial subpoena or other compulsory process.

With respect to your earlier request for the rough notes of FBI Special Agents from the interviews of Officers Luke Cournoyer and Gail Gethins, those notes are enclosed with this letter and have been Bates stamped US014205 through US014229.

At this time, the United States renews its request for reciprocal discovery under Fed. R. Crim. P. 16(b) and Local Rule 116(d). In particular, the United States requests all witness statements from any and all discovery to date in Mr. Vigneault's civil lawsuit against the Springfield Police Department, including but not limited to deposition transcripts, responses to requests for admission, and interrogatory responses.

If you have any questions, please do not hesitate to contact us at your convenience.

    Very truly yours,

    ANDREW E. LELLING
    United States Attorney

By:   */s/ Deepika Bains Shukla*
       Deepika Bains Shukla
       Assistant U.S. Attorney

By:   */s/ Christopher Perras*
       Christopher Perras
       Special Litigation Counsel
       Department of Justice

Enclosures

cc with enclosures:   Matthew Thompson, Esq.
                     Butters Brazilian LLP
                     699 Boylston Street. 12th Floor
                     Boston, MA 02116